# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DAVID MARK CRASS, | ) |
| Plaintiff, | ) |
| | ) No.: 3:19-CV-448-PLR-DCP |
| v. | ) |
| | ) |
| SEVIER COUNTY JAIL, RON SEALS, and LARRY WATERS, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Plaintiff, a former inmate in the Sevier County Jail who is now in the custody of the Tennessee Department of Correction, has filed a pro se complaint for violation of 42 U.S.C. § 1983 setting forth a number of claims arising out of incidents during his confinement in the Sevier County Jail [Doc. 10], as well as motions for evidence and independent third-party inspections [Docs. 8 and 9]. For the reasons set forth below, this action will only proceed as to Plaintiff's allegation that he was denied adequate medical care for his shoulder due to Sevier County's custom or policy of not providing adequate medical care for such injuries, Plaintiff's motion for evidence [Doc. 8] will be **DENIED as premature**, and Plaintiff's motion for independent third-party inspections [Doc. 9] will be **DENIED as moot**.

### I. SCREENING

#### A. Standard

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in and in *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## B. Complaint Allegations

First, Plaintiff sets forth numerous allegations regarding legal mail at Sevier County Jail, including an allegation that the jail will not allow prisoners to send certified legal mail [Doc. 10 p. 2–3]. Plaintiff next states that the ice at the jail was contaminated, as it had cockroaches, and that he complained for months about this [*Id.* at 3]. Plaintiff also alleges that his shoulder was broken or dislocated while he was in the Sevier County Jail but he never saw a doctor and was told he would have to have it fixed when he gets out, and this injury still has not healed [*Id.* at 3]. Plaintiff further states that another inmate who was working in the jail kitchen had hepatitis and turned yellow and white before being returned to the pod [*Id.*]. Plaintiff next claims that both the Sevier County Jail and Annex have serious overcrowding issues that lead to unsanitary conditions, and that Sevier County inmates have little chance of going outside [*Id.*]. Additionally, according to Plaintiff, neither the Sevier County Jail nor the Annex has a working library or written law library, but instead have only a computer law library [*Id.* at 4].

Plaintiff has sued the Sevier County Jail, Sheriff Ronald Seals, and Mayor Larry Waters [*Id.* at 1]. As relief, Plaintiff seeks outside inspections and investigations of the jail facilities and various programs and officials therein, other injunctive relief, and compensation to inmates, including Plaintiff [*Id.* at 6–9].

**C. Analysis**

First, Plaintiff has not set forth any facts from which the Court can plausibly infer that Defendants Sheriff Seals and Mayor Waters were personally involved in any violation of his constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to these Defendants and they will be **DISMISSED**.

Also, to the extent that Plaintiff seeks relief under § 1983 on behalf of other inmates in the custody of Sevier County, he has no standing to assert such claims. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). Thus, any such claims fail to state a claim upon which relief may be granted under § 1983 and they will be **DISMISSED**.

Further, as set forth above, Plaintiff seeks financial compensation for his claims. However, the only claim in Plaintiff's complaint that the Court can construe to plausibly allege a physical injury that is more than *de minimis* is Plaintiff's claim that he did not see a doctor for his broken or dislocated shoulder but instead was told he would have to have it fixed when he got out.

Liberally construing this allegation in favor of Plaintiff, it appears that he may allege that Sevier County has a custom or policy of not treating broken and/or dislocated shoulders for prisoners and that this custom or policy caused a violation of his Eighth Amendment rights. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (providing that medical care that is "so woefully inadequate as to amount to no treatment at all" violates the Eighth Amendment). Thus, the Clerk will be **DIRECTED** to substitute Sevier County as a Defendant in place of the Sevier County Jail, which is not a suable entity under §1983, *see Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"), and this claim will proceed against Sevier County.

However, all of Plaintiff's other claims for financial compensation will be dismissed, as Plaintiff cannot bring such claims without a physical injury. 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Wilson v. Yaklich*, 148 F.3d 598, 600–01 (6th Cir. 1998) (providing that claims seeking monetary damages for failure to protect in violation of the Eighth Amendment fail absent a physical injury that is more than *de minimis*).

Moreover, all of Plaintiff's claims for injunctive relief are now moot, as Plaintiff is no longer confined in the Sevier County Jail [Doc. 7 (noting that Plaintiff is now confined in the Bledsoe County Correctional Complex)]. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner's claim for declaratory and injunctive relief against prison officials became moot once the prisoner was transferred to different facility). Thus, all of Plaintiff's claims for injunctive relief will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 and Plaintiff's motion for independent third-party inspections [Doc. 9] will be **DENIED as moot**.

## II.   MOTION FOR EVIDENCE

In his motion for evidence, Plaintiff asserts that he has repeatedly requested copies of his grievances from the Sevier County Jail, but those requests have been denied [Doc. 8]. However, as Plaintiff may now request copies of those grievances from Defendant Sevier County through the discovery process in accordance with the Federal Rules of Civil Procedure, this motion [*Id.*] will be **DENIED as premature**.

## III.   CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in Plaintiff's favor, only Plaintiff's claim that he was denied adequate medical care for his broken or dislocated shoulder pursuant to a custom or policy of Sevier County states a claim upon which relief may be granted under § 1983 and this claim will therefore proceed herein;

2. All other claims and Defendants are **DISMISSED**;

3. The Clerk is **DIRECTED** to substitute Sevier County as a Defendant herein in the place of Defendant Sevier County Jail;

4. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Sevier County. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

5. Service shall be made on Defendant Sevier County pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

6. Plaintiff is forewarned that if he does not timely return the completed service packet, the Court will dismiss this action;

7. Defendant Sevier County shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Sevier County fails to timely respond to the complaint, it may result in entry of judgment by default against it;

8. Plaintiff's motion for evidence [Doc. 8] is **DENIED as premature**;

9. Plaintiff's motion for independent third-party inspections is **DENIED as moot**; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

E N T E R :

_____
**CHIEF UNITED STATES DISTRICT JUDGE**