# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DAVID MARK CRASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:19-CV-448-PLR-DCP |
| v. ) | |
| ) | |
| SEVIER COUNTY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On June 16, 2020, the Court entered an order screening the complaint, directing the Clerk to send Plaintiff a service packet for the remaining Defendant, requiring Plaintiff to return the completed service packet within twenty days of entry of that order, and warning Plaintiff that if he failed to do so, the Court would dismiss this action [Doc. 17 p. 5]. More than thirty days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this matter will be **DISMISSED** due to Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Rule 41(b) of the Federal Rule of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's previous order and chose not to comply therewith. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant. As to the third factor, the Court warned Plaintiff that the Court would dismiss the case if he did not timely comply with the Court's previous order [*Id.*]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff is a prisoner proceeding *in forma pauperis* in this matter [Doc. 12] and has not complied with the Court's most recent order.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**